JOHN P. LeCRONE (State Bar No. 115875)
  johnlecrone@dwt.com
VANDANA KAPUR (State Bar No. 281773)
  vandanakapur@dwt.com
LORRAINE WANG (State Bar No. 341172)
  lorrainewang@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
A PLACE FOR ROVER, INC. dba
ROVER.COM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAIRE RAINEY, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>A PLACE FOR ROVER, INC. dba ROVER.COM; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 2:22-cv-00403<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1367, 1441, 1446, and 1453 BY DEFENDANT A PLACE FOR ROVER, INC.**<br><br>**[DECLARATIONS OF JENNA WHITE AND VANDANA KAPUR IN SUPPORT OF REMOVAL ATTACHED HERETO]**<br><br>[Filed concurrently with Certification of Interested Parties and Corporate Disclosure Statement; Notice of Pendency of Other Actions]<br><br>Action Filed: October 26, 2021 |

**TO THE CLERK AND TO PLAINTIFF AND HER ATTORNEYS:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. sections 1332, 1367, 1441, 1446, and 1453, Defendant A Place for Rover, Inc. ("Defendant") hereby removes to this Court the state court action described below. In support of this Notice of Removal, Defendant alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. Section 1332, and this action may be removed to this Court by Defendant because (1) there is complete diversity of citizenship between Plaintiff and Defendant; and (2) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. Thus, this action is removable pursuant to 28 U.S.C. § 1441.

2.     Because the state court action is pending in the Superior Court of California, County of Los Angeles, removal of the state court action to this District Court is proper under 28 U.S.C. sections 1441(a) and 1446(a).

3.     Removal to and venue in this District are proper under 28 U.S.C. section 1391(a)(2) because Plaintiff filed the present case in Los Angeles Superior Court and because she alleges she currently resides and the transactions giving rise to this action occurred within this District.

## BACKGROUND

4.     On October 26, 2021, Plaintiff Claire Rainey ("Plaintiff") filed the above-captioned putative class action in the Superior Court of California, County of Los Angeles, Case No. 21STCV39459 ("State Action"). A true and correct copy of the Complaint in the State Action ("Complaint") is attached as Exhibit A. Declaration of Vandana Kapur in Support of Defendant's Notice of Removal ("Kapur Decl.") ¶ 2.

5.     On behalf of herself and others, Plaintiff alleges that Defendant misclassified her and other service providers as "independent contractors," and failed to pay minimum and overtime wages, provide meal and rest breaks and/or

DEFENDANT'S NOTICE OF REMOVAL
4893-0407-1946v.2 0107222-000057

1

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

missed break premiums, provide accurate wage statements, timely pay wages during employment and upon termination of employment, reimburse business-related expenses, and engaged in unfair competition. *See generally* Complaint. Plaintiff seeks to represent a class of "[a]ll individuals who performed services in California through DEFENDANT's mobile application and/or through DEFENDANT'S website Rover.com at any time within the four years prior to the filing of the initial complaint." Complaint at ¶ 5.

## TIMELINESS OF REMOVAL

6.    Notice of removal is timely if it is filed within thirty (30) days after service of the complaint or summons. "The notice of removal … shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant …." 28 U.S.C. §1446(b)(1).

7.    On December 20, 2021, Plaintiff served the Complaint and Summons by personal delivery. A true and correct copy of the Summons received by Defendant in the State Action is attached as Exhibit B. Because service was made by personal delivery, service was effectuated on December 20, 2021. Defendant's Notice of Removal is timely because it is filed within thirty (30) days of the completion of service. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

8.    Does 1 through 100 represent the other defendants in this action. Because these Doe Defendants are fictitious, *see* Complaint ¶ 4, and because they have not yet been served, their consent to join in removal is not required. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants sued under a fictitious name shall be disregarded."); *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429-30 (9th Cir. 1984) (defendants named in the state court action but not yet served need not be joined in the removal);

DEFENDANT'S NOTICE OF REMOVAL
4893-0407-1946v.2 0107222-000057

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Cmty. Bldg. Co. v. Md. Cas. Co.*, 8 F.2d 678, 678-79 (9th Cir. 1925).

## DIVERSITY

9.      Under 28. U.S.C. § 1441(a), a defendant may remove to federal district court "any civil action brought in a state court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).

10.     Under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), this Court has original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated amount in controversy exceeds $5 million (exclusive of costs and interest).  28 U.S.C. §§ 1332(d)(2), (d)(5), and (d)(6).  These requirements are satisfied here.

### CAFA Applies To The Instant Lawsuit.

11.     CAFA applies to certain "class actions," which the statute defines as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute."  28 U.S.C. § 1332(d)(1)(B).  Plaintiff expressly brings this "class action" "pursuant to California Code of Civil Procedure section 382." Complaint ¶ 5. Thus, CAFA applies.  *See Bodner v. Oreck Direct, LLC*, 2006 WL 2925691, at *3 (N.D. Cal. Oct. 12, 2006) (CAFA applies where "Plaintiff's complaint alleges that the action is a class action, and recites the prerequisites to a class action under . . . California Code of Civil Procedure Section 382.")

12.     Plaintiff brings this class action on behalf of herself and similarly situated individuals.  During the one-year statute of limitations period applicable to this action, at least 14,150 individuals in California performed pet care services similar to Plaintiff, including house sitting and boarding services, using Defendant's mobile application and website.  Therefore, the putative class during the relevant period will well exceed 100 members.  *See* Complaint, ¶ 5 (class claims brought on behalf of "[a]ll individuals who performed services in California through

DEFENDANT'S NOTICE OF REMOVAL
4893-0407-1946v.2 0107222-000057

3

**Davis Wright Tremaine** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  DEFENDANT's mobile application and/or through DEFENDANT'S website

2  Rover.com at any time within the four years prior to the filing of the initial

3  complaint"); Declaration of Jenna White in Support of Defendant's Notice of

4  Removal ("White Decl.") ¶ 10.

5  **Diversity Of Citizenship Requirements.**

6  13.    "[U]nder CAFA, complete diversity is not required; 'minimal

7  diversity' suffices." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir.

8  2007).  Minimal diversity exists if any class member is a citizen of a state different

9  from any defendant.  28 U.S.C. § 1332(d)(2)(A) ("any member of a class of

10  plaintiffs is a citizen of a State different from any defendant).

11  14.    A party's citizenship is determined at the time the lawsuit was filed.  *In*

12  *re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1236 (9th Cir. 2008) ("[T]he

13  jurisdiction of the court depends upon the state of things at the time of the action

14  brought.").  At the time Plaintiff commenced this action, Plaintiff was, and remains,

15  a citizen of California and Defendant was, and remains, a citizen of Washington

16  state.

17  **Plaintiff is A Citizen Of The State Of California.**

18  15.    For diversity purposes, a natural person's state citizenship is

19  determined by that person's domicile – *i.e.*, "[one's] permanent home, where [that

20  person] resides with the intention to remain or to which [that person] intends to

21  return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001);

22  *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) ("For

23  purposes of diversity jurisdiction, an individual is a citizen of his or her state of

24  domicile, which is determined at the time the lawsuit is filed").

25  16.    Plaintiff alleges that she resides in Los Angeles County, in the State of

26  California.  Complaint, ¶ 2.  Further, Plaintiff seeks to represent a class consisting

27  of all similarly situated individuals who performed services in California.

28  Complaint, ¶ 5.  This putative class includes other California citizens as well.

DEFENDANT'S NOTICE OF REMOVAL
4893-0407-1946v.2 0107222-000057

4

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Defendant Is Not A Citizen Of The State Of California.**

17.     Defendant Rover is headquartered in the State of Washington and incorporated in the State of Delaware. White Decl. ¶¶ 7 – 8.  It is therefore a citizen of Washington and Delaware, but not a citizen of California.

(a)     A corporation's principal place of business is where "the corporation's high-level officers direct, control, and coordinate the corporation's activities.  Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' . . .  [T]he 'nerve center' will typically be found at a corporation's headquarters." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010) (internal citations omitted).

(b)     Defendant maintains its corporate headquarters in Seattle, Washington.  The majority of its executive officers and directors, including the chief executive officer, the chief financial officer, and many other executive officers and employees, work and direct Defendant's operations from the corporate headquarters in Washington.  White Decl. ¶ 8.

(c)     Accordingly, for purposes of jurisdiction under 28 U.S.C section 1332(a), Defendant is a citizen of the State of Washington and a citizen of the State of Delaware.  *See* 28 U.S.C. § 1332(c)(1).  Defendant is not now, and has never been, a citizen of the State of California.

18.     Complete diversity between the parties exists here because this action involves citizens of different states—Plaintiff, who is a citizen of California (and seeks to represent a class including California citizens), and Defendant, which is a citizen of Washington and Delaware.

**The Citizenship Of The Doe Defendants Should Be Disregarded.**

19.     The other defendants named in the Complaint are merely fictitious parties identified as "DOES 1 through 100" whose citizenship shall be disregarded for purposes of this removal.  28 U.S.C. §1441(b) (for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded"); *see*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*also Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant"); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

## AMOUNT IN CONTROVERSY

### The Alleged Amount In Controversy Exceeds The Statutory Threshold Under CAFA.

20.    Under 28 U.S.C. §1332(d)(2), "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs[.]"  Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  28 U.S.C. §1332(d)(6).

21.    Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)."  Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005) reprinted in 2005 U.S.C.C.A.N. 3, 40.

22.    The Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id*. at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case …. Overall, new section 1332(d) is intended to expand substantially federal

DEFENDANT'S NOTICE OF REMOVAL
4893-0407-1946v.2 0107222-000057

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

court jurisdiction over class actions. Its provision should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

23.    Where, as here, a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the statutory minimum. *See Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. 547, at 553-54 (2014) ("Removal is proper on the basis of an amount in controversy asserted by the defendant if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold"); *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) (holding that "the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard"); *accord Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) ("the complaint fails to allege a sufficiently specific total amount in controversy … we therefore apply the preponderance of the evidence burden of proof to the removing defendant); *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006) ("Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met"); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (holding that under the "preponderance of the evidence" standard, "the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount").

24.    To satisfy this standard, the "defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 554.

DEFENDANT'S NOTICE OF REMOVAL
4893-0407-1946v.2 0107222-000057

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

25. The burden of establishing the jurisdictional threshold "is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1204-05 (E.D. Cal. 2008) (internal quotations omitted); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy").

26. For purposes of ascertaining the amount in controversy, "the court must accept as true plaintiff's allegations as plead in the Complaint and assume that plaintiff will prove liability and recover the damages alleged." *Muniz v. Pilot Travel Ctrs., LLC*, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007).

27. As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez*, 372 F.3d at 1117; *see also Rodriguez*, 728 F.3d at 981 ("we cannot now say that a plaintiff, in the class action context, has the 'prerogative … to forgo a potentially larger recovery to remain in state court'"; a plaintiff "may not 'sue for less than the amount she may be entitled to if she wishes to avoid federal jurisdiction and remain in state court").

28. If a plaintiff asserts statutory violations, the court must assume that the violation rate is 100% unless the plaintiff specifically alleges otherwise:

> As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations. Plaintiff is the "master of [her] claim[s]," and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought. She did not.

*Muniz*, 2007 WL 1302504, at *4 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also Soratorio v. Tesoro Ref. and Mktg. Co., LLC*, 2017 WL 1520416, at *3 (C.D. Cal. Apr. 26, 2017) ("Plaintiff's Complaint could be

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

reasonably read to allege a 100% violation rate. The Complaint notes that Defendants 'did not provide' Plaintiff and the other class members 'a thirty minute meal period for every five hours worked,' and that this was Defendants' 'common practice.' It also alleges that Defendants had a practice of 'requiring employees to work for four hours and more without a rest period' and that Defendants had a 'common practice' of failing to provide required breaks."); *Arreola v. The Finish Line*, 2014 WL 6982571, at *4 (N.D. Cal. Dec. 9, 2014) ("District courts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy – such as assuming a 100 percent violation rate, or assuming that each member of the class will have experienced some type of violation – when those assumptions are reasonable in light of the allegations in the complaint."); *Coleman v. Estes Express Lines, Inc.*, 730 F.Supp.2d 1141, 1149 (C.D. Cal. 2010) ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation.").

29.    Numerous other District Courts have similarly concluded that alleging a policy of noncompliance in a complaint justifies the assumption of a 100 percent violation rate. *See Ritenour v. Carrington Mortg. Servs. LLC*, 228 F.Supp.3d, 1025, 1030 (C.D. Cal. 2017) ("Given the vague language of the Complaint and the broad definition of the class, it is reasonable for Defendants to assume a 100% violation rate – especially since Plaintiffs offer no alternative rate to challenge Defendant's calculations."); *Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *2 (C.D. Cal. July 28, 2017); *Feao v. UFP Riverside, LLC*, 2017 WL 2836207, at *5 (C.D. Cal. June 26, 2017) ("Plaintiff's allegations contain no qualifying words such as 'often' or 'sometimes' to suggest less than uniform violation that would preclude a 100 percent violation rate."); *Torrez v. Freedom Mortg., Corp.*, 2017 WL 2713400, at *3-5 (C.D. Cal. June 22, 2017) (where complaint alleged "FMC engaged in a pattern and practice of wage abuse against its hourly-paid or non-

exempt employees within the state of California," the complaint "can reasonably be interpreted to imply nearly 100% violation rates").

30.     Here, as set forth in more detail below, the alleged amount in controversy implicated by the class-wide allegations exceeds the CAFA jurisdictional threshold.  Defendant avers, for purposes of this Notice only, that Plaintiff's claims place more than $5 million in controversy.  The Ninth Circuit has instructed that removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the amount in controversy exceeds $5 million.  *Rodriguez*, 728 F.3d at 981 (overturning previous Ninth Circuit precedent requiring proof of amount in controversy to a "legal certainty" under some circumstances).  This standard is easily satisfied here.

**For Plaintiff's Fifth Cause Of Action For Alleged Failure To Provide Accurate Itemized Wage Statements, The Amount In Controversy Exceeds $707,500.**

31.     As Plaintiff and the putative class members were independent service providers who received payment from their individual clients, Defendant disputes entirely that it was required to issue wage statements pursuant to the California Labor Code.  Nonetheless, for her Fifth Cause of Action, Plaintiff alleges that Defendant owes penalties for failing to provide accurate wage statements, as required by section 226(a) of the California Labor Code.  *See* Complaint ¶¶ 41-49.  Specifically, Plaintiff alleges that "DEFENDANT knowingly and intentionally failed to provide PLAINTIFF and the Class Members with complete and accurate wage statements in compliance with Labor Code section 226."  *Id*. at ¶ 43.  In addition, Plaintiff alleges that "[p]ursuant to California Labor Code sections 226(e) and 226(h), PLAINTIFF and the Class Members are entitled to recover the full amount of penalties due under Section 226(e), reasonable attorneys' fees, and costs of suit."

32.     The statute of limitations for recovery of penalties under Labor Code section 226 is one year.  *Caliber Bodyworks, Inc. v. Sup. Ct.*, 134

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

33.    Cal.App.4th 365, 376 (2005); Cal. Civ. Proc. Code §340(a).  The instant complaint was filed on October 26, 2021.  From October 26, 2020, until November 30, 2021, there have been at least 14,150 service providers in California who have completed at least one booking for boarding or house sitting services using Defendant's website or app, and who, according to Plaintiff, failed to receive accurate wage statements.  White Decl. ¶ 10.

34.    Under Labor Code Section 226(a), wage statements are due "semimonthly or at the time of each payment of wages."  California Labor Code section 226(e) provides a minimum of $50 for the initial violation as to each employee.  Cal. Labor Code §226(e).

35.    Assuming conservatively that each service provider during this period was subject to only one alleged violation total, the alleged amount in controversy on this claim would total at least $707,500 ($50 x 14,150 service providers).

**For Plaintiff's Third Cause Of Action For Alleged Failure To Provide Meal Periods, The Amount In Controversy Will Exceed $4,907,191.**

36.    Plaintiff's Third Cause of Action seeks damages for Defendant's alleged failure to provide meal periods.  Specifically, Plaintiff alleges that "PLAINTIFF and the Class Members have regularly worked in excess of five (5) hours a day, without being provided at least a thirty (30) minute meal period in which they were relieved of all duties, as required by Labor Code sections 226.7 and 512 and all applicable Wage Orders, section 11(A)."  Complaint ¶ 32.  Plaintiff also contends that "[i]f an employer fails to properly record a valid meal period, it is presumed no meal period was provided."  *Id.* at ¶ 31.

37.    For her meal break claim, Plaintiff seeks unpaid wage premiums and interest on behalf of herself and similarly situated putative class members.  *Id.* at ¶¶ 35 – 36.

38.    California Labor Code Section 512 provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

providing the employee with a meal period of not less than 30 minutes…." Cal. Labor Code §512. Section 512 further provides that "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes…." California Labor Code Section 226.7 requires employers to pay an extra hour's pay to employees who are not provided full or timely meal periods. An employee is entitled to an additional hour's wages per day, for both a rest and meal period violation each day. *Lyon v. W.W. Grainger, Inc.*, 2010 WL 1753194, *4 (N.D. Cal. Apr. 29, 2010) (noting that Labor Code section 226.7 provides recovery for one meal break violation per work day and one rest break violation per work day).

39.    The statute of limitations for recovery of meal period premium pay under California Labor Code section 226.7 is three years. *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal.4th 1094, 1099 (2007) ("[T]he remedy provided in Labor Code section 226.7 constitutes a wage or premium pay and is governed by a three-year statute of limitations."). The statute of limitations is extended to four years when a plaintiff also pursues an action for restitution under the California Business and Professions Code sections 17200, *et seq. See Falk*, 237 Cal. App. 4th at 1462, n.12 (holding that "actions for restitution and under Business and Professions Code section 17200 are subject to a four-year statute of limitation"). Accordingly, the proposed class period for Plaintiff's Third Cause of Action begins October 26, 2017. Here, putative class members similarly situated to Plaintiff completed at least 811,106 bookings for overnight boarding and house sitting services during the relevant period. White Decl., ¶ 11. Because these services involve overnight stays, these bookings necessarily last longer than five hours each. In fact, they can last more than 24 hours. White Decl. ¶ 12.

40.    Plaintiff's allegations put into controversy *every* "shift" in which a meal break should have been provided (i.e. all shifts over five hours). Thus, according to the Complaint, a penalty of one hour of additional wages should be

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DEFENDANT'S NOTICE OF REMOVAL
4893-0407-1946v.2 0107222-000057

assessed for every shift of more than five (5) hours during the class period and for which Defendant did not pay Plaintiff and the putative class members meal period premiums.

41.    Should it be determined that Plaintiff and the putative class are in fact employees, they would be entitled to receive hourly pay at least as much as the applicable minimum wage in California at the time the services were rendered.  The average minimum wage over the four-year statute of limitations period would be approximately $12.10 [$10.50 (2017 minimum wage) + $11 (2018 minimum wage) + $12 (2019 minimum wage) + $13 (2020 minimum wage) + $14 (2021 minimum wage) = $12.10.  Kapur Decl. ¶ 8.  This would be the absolute floor of alleged premium pay owed to Plaintiff and putative class members similarly situated to Plaintiff for any purportedly late, short, or missed meal breaks during their bookings.

42.    As described in paragraphs 28 to 29 above, in analyzing the amount in controversy where, as here, Plaintiff vaguely alleges a uniform policy, pattern, or practice requiring missed breaks, it is reasonable to assign a 100% violation rate.

43.    Although Defendant could apply a 100% violation rate, Defendant will apply a conservative violation rate of only 50% for allegedly short, missed, or late meal periods.  Numerous courts have held that this conservative estimate is proper.  *See*, *e.g.*, *Bryant v. NCR Corp.*, 284 F. Supp. 3d 1147, 1151–52 (S.D. Cal. 2018) ("Defendant assumed a 60 percent violation rate for the meal period claim and a 30 percent violation rate for the rest period claim . . . the Complaint offered no guidance as to the frequency of the alleged violations, only that Defendant had 'a policy and practice' of meal and rest period violations . . . Consequently, in its notice of removal, Defendant conservatively assumed the putative class members were not provided three of the five meal periods and three of ten rest periods they were entitled to receive each work week, even though assumption of a 100 percent violation rate may have been reasonable"); *Hull v. Mars Petcare US, Inc.*, No.

EDCV181021PSGKKX, 2018 WL 3583051, at *4 (C.D. Cal. July 25, 2018) (finding "an assumption of three missed rest periods and meal periods each week" is reasonable because courts "routinely find a 60% [violation rate] assumption reasonable"); *Oda v. Gucci Am., Inc.*, No. 2:14-CV-07469-SVW, 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015) ("Plaintiffs' complaint asserts that Gucci 'maintained a policy or practice of not paying [meal/rest premiums],' . . . that 'the class members sometimes did not receive all of their meal periods,' [and that] 'not all rest periods were given timely [].' In light of these allegations, Gucci's assumption of a 50 percent violation rate for each type of violation is reasonable"); *Marquez v. Toll Glob. Forwarding (USA) Inc.*, No. 2:18-CV-03054-ODW ASX, 2018 WL 3046965, at *3 (C.D. Cal. June 19, 2018) ("The Court finds a 50% violation rate to be reasonable"); *Stevenson v. Dollar Tree Stores, Inc.*, No. CIV S-11-1433 KJM, 2011 WL 4928753, at *4 (E.D. Cal. Oct. 17, 2011) (50% violation rate reasonable); *Stafford v. Dollar Tree Stores, Inc.*, No. 2:13-CV-01187-KJM, 2014 WL 1330675, at *8 (E.D. Cal. Mar. 28, 2014) (50% violation rate for meal/rest claims reasonable where Plaintiff alleged "illegal policy and/or practice").[1]

44.    Taking the more conservative estimate (*i.e.*, the 50% violation rate rather than the 100% violation rate) – in other words, assuming only one meal period violation for half of the total bookings during the relevant period – the amount in controversy for this claim is at least $4,907,191 (811,106 bookings x .5 x $12.10 = $4,907,191).

---

[1] *See also Oda v. Gucci Am., Inc.*, No. 2:14-CV-07469-SVW, 2015 WL 93335, at *4 ("Gucci [reasonably] assumes a 50 percent violation rate for meal periods and a 50 percent violation rate for rest periods. In other words Gucci assumes that each class member experienced 2.5 meal period violations in a 5–day work week and 2.5 rest period violations in the same time period."); *Stevenson v. Dollar Tree Stores, Inc.*, 2011 WL 4928753, at *4 (Defendant reasonably "divided in half the number of earned meal periods . . . assuming that fifty (50) percent of meal periods were missed per week, and then multiplied this number by the average hourly rate, to determine that the amount in controversy.").

DEFENDANT'S NOTICE OF REMOVAL
4893-0407-1946v.2 0107222-000057

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Plaintiff's Request For Attorneys' Fees Will Exceed $1,403,672.**

45.    In her Prayer for Relief, Plaintiff seeks attorneys' fees in addition to other damages.  Complaint, Prayer for Relief.  For purposes of determining the alleged amount in controversy, only "interest and costs" are excluded from the calculation.  28 U.S.C. §1332.  Therefore, the Court must consider the aggregate of damages, including attorneys' fees.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in the amount in controversy, regardless of whether such an award is discretionary or mandatory); *Brady v. Mercedez-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy.").

46.    A reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy.  *Longmire v. HMS Host USA, Inc.*, 2012 WL 5928485, at *9 (S.D. Cal. Nov. 26, 2012 ("[C]ourts may take into account reasonable estimates of attorneys' fees likely to be incurred when analyzing disputes over the amount in controversy under CAFA."); *Muniz v. Pilot Travel Ctrs. LLC*, 2007 U.S. Dist. LEXIS 31515, at *15 (E.D. Cal. Apr. 30, 2007) (attorneys' fees appropriately included in determining amount in controversy).

47.    The Ninth Circuit held that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."  *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[T]he amount in controversy is not limited to damages incurred prior to removal – for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal).  Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

that complaint if the plaintiff is victorious."); *Lucas v. Michael Kors (USA), Inc.*, 2018 WL 2146403 (C.D. Cal. May 9, 2018) (holding that "unaccrued post-removal attorneys' fees can be factored into the amount in controversy" for CAFA jurisdiction).

48.    In the class action context, courts have found that 25 percent of the aggregate amount in controversy is a benchmark for attorneys' fees award under the "percentage of fund" calculation and courts may depart from this benchmark when warranted.  *See Campbell v. Vitran Exp., Inc.*, 471 F.App'x 646, 649 (9th Cir. 2012) (attorneys' fees appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000) ("We have also established twenty-five percent of the recovery as a 'benchmark' for attorneys' fees calculations under the percentage-of-recovery approach"); *Wren v. RGIS Inventory Specialists*, 2011 U.S. Dist. LEXIS 38667 at *78084 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case); *Cicero v. DirecTv, Inc.*, 2010 U.S. Dist. LEXIS 86920 at *16-18 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the total gross settlement amount to be reasonable); *see also In re Quintas Secs. Litig.*, 148 F.Supp.2d 967, 973 (N.D. Cal. 2001) (noting that in the class action settlement context the benchmark for setting attorneys' fees is 25 percent of the common fund).  Even under the conservative benchmark of 25 percent of the total recovery for the applicable claims, attorneys' fees would be upward of $1,403,672 in this case.  This amount is 25% of the (lower end of) potential recovery on the wage statement claims and meal period claims alone, as alleged in the Complaint, which totals $5,614,691 ($4,907,191 + $707,500).

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Total Amount at Issue Exceeds the $5 Million Statutory Threshold**.

49.    In light of the foregoing, the alleged amount in controversy would be *at least* $7,018,263 ($5,614,591 + $1,403,672).  Because Plaintiff and other service providers who used Defendant's platform were at no time employees of Defendant, Defendant cannot reliably calculate the alleged amount in controversy under Plaintiff's remaining claims at this time.  Rather than do so, and because it is not necessary here, Defendant does not include estimates of prospective damages for those claims and simply notes the alleged amount in controversy will inevitably be even higher than what has been detailed in the instant notice.

As demonstrated above, Plaintiff's alleged wage statement and meal break claims alone easily satisfy the amount in controversy requirement.  *See Guglielmino,* 506 F.3d at 700-01 (remand denied under preponderance of the evidence standard where defendant's conservative estimates exceeded requisite amount); *Deehan v. Amerigas Partners, L.P.*, No. 08cv1009 BTM (JMA), 2008 WL 4104475, at *1 (S.D. Cal. Sept. 2, 2008) (amount in controversy satisfied under preponderance of the evidence standard where estimated class size multiplied by statutory penalty for alleged violations exceeded $5 million.)

## **FILINGS**

50.    Pursuant to 28 U.S.C. § 1446(a), the following constitutes all of the process, pleadings, or orders received or served by Defendant or otherwise found in the State Action court file, and available to Defendant at the time of the filing of this removal.  True and correct copies are attached of the following:

Ex. A.    Complaint, filed by Plaintiff;

Ex. B.    Summons;

Ex. C.    Civil Case Cover Sheet, filed by Plaintiff;

Ex. D.    Initial Status Conference Order;

Ex. E.    Answer and Proof of Service, filed by Defendant;

Ex. F.    Civil Case Cover Sheet, filed by Defendant.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

51.    Immediately following the filing of this Notice, Defendant Rover will provide written notice of removal to all parties and will file a copy of this Notice of Removal with the Clerk of the Superior Court of Los Angeles County.

52.    Defendant Rover has good and sufficient defenses to this action and does not waive any defenses, jurisdictional or otherwise, by the filing of this Notice.

53.    Based on the foregoing, Defendant removes this action from the Superior Court of Los Angeles County to this Court, and requests that further proceedings be conducted in this Court as provided by law.

DATED: January 19, 2022          DAVIS WRIGHT TREMAINE LLP
                                 JOHN P. LECRONE
                                 VANDANA KAPUR
                                 LORRAINE WANG


                                 By:   /s/Vandana Kapur
                                          Vandana Kapur
                                     Attorneys for Defendant
                                     A PLACE FOR ROVER, INC.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# DECLARATION

JOHN P. LECRONE (State Bar No. 115875)
johnlecrone@dwt.com
VANDANA KAPUR (State Bar No. 281773)
vandanakapur@dwt.com
LORRAINE WANG (State Bar No. 341172)
lorrainewang@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
A PLACE FOR ROVER, INC. dba
ROVER.COM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAIRE RAINEY, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>A PLACE FOR ROVER, INC., dba ROVER.COM; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.<br><br>**DECLARATION OF JENNA WHITE IN SUPPORT OF DEFENDANT A PLACE FOR ROVER, INC's REMOVAL** |

Action Filed: October 26, 2021

DocuSign Envelope ID: EC7D8EBA-6B4E-45F1-A90F-F319EE5AD744

## DECLARATION OF JENNA WHITE

I, Jenna White, declare:

1.      I currently am employed as Vice President and General Manager of Trust, Safety, and Operations for Defendant A Place for Rover, Inc. d/b/a Rover.com ("Rover") and have held this position since January 2022. I previously served as Senior Director, Core Product from April 2020 to January 2022. In addition, I have held several other positions since I joined Rover in 2015, including Director, Marketplace Operations, and Senior Director, Boarding & Daycare Services. "Core Product" and "Services" as used in this paragraph, refer to the Rover website, mobile applications, and the software features and tools provided to users of the Rover platform.

2.      At all times relevant to this litigation, Rover has operated a digital marketplace that facilitates the ability of pet owners ("Pet Owners") to connect with individuals who offer pet sitting or other pet-related services ("Pet Care Providers") and enter into mutually agreed-to bookings for pet services.

3.      After registering as users of Rover's on-line platform, Pet Owners receive access to a database of profiles from self-employed individuals who provide pet care services, like Ms. Rainey, enabling Pet Owners to find Pet Care Providers and book directly with them. A Pet Owner can use Rover's search tools to browse the profiles of Pet Care Providers based on the Pet Owner's preferences, criteria, and location, such as zip code, availability, services provided, and pricing. Pet Owners can read Pet Care Provider profiles and reviews, and communicate directly with a Pet Care Provider who meets their needs. Pet Care Providers are paid at rates they set and negotiate with their Pet Owner clients.

4.      In my current role, as well as in previous roles, I have access to information regarding Pet Care Provider and Pet Owner profiles and their use of the Rover platform, including statistical data collected by Rover related to the use of its platform, all of which is kept by Rover in the ordinary course of its business.

DECLARATION IN SUPPORT OF REMOVAL
4888-6773-3514v.1 0107222-000057

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

DocuSign Envelope ID: EC7D8EBA-6B4E-45F1-A90F-E319EE5AD744

5.      I also am familiar with Rover's operations and overall online business model. That knowledge extends to Rover's operations and business model before my employment began, as I have access to and have reviewed information regarding Rover's historical operations to better understand the company's history and business practices.

6.      I have personal knowledge of the facts in this declaration.  Where necessary, I have confirmed the facts contained in this declaration through review of relevant business records as they are maintained in the ordinary course of business, and I am competent to testify to them.

7.      Based on my knowledge and understanding of Rover's corporate structure, Rover is incorporated in the state of Delaware.

8.      At all relevant times, Defendant has maintained its corporate headquarters and principal place of business in Seattle, Washington.  This headquarters is where the majority of Rover's executive officers and directors, including the chief executive officer, the chief financial officer, and many other executive officers and employees, work and direct Rover's operations

9.       Based on my review of Rover's internal management tool known as "django administration," Plaintiff Claire Rainey has performed services for only two bookings made using Rover's platform.  From July 10, 2021 to July 18, 2021, she performed a booking for house sitting.  From August 28, 2021 until September 6, 2021, she performed a booking for boarding.

10.     Based on my review of customer usage data collected in Rover's "data warehouse" from use by customers of the Rover platform, between October 26, 2020 and November 30, 2021, approximately 14,150 Pet Care Providers in California have performed services arising from at least one booking for boarding using Defendant's platform.  From October 26, 2020 until November 30, 2021, approximately 9,044 Pet Care Providers in California have performed services in connection with at least one booking for house sitting using Defendant's platform.

DECLARATION IN SUPPORT OF REMOVAL
4888-6773-3514v.1 0107222-000057

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

There is likely some overlap between the numbers of sitters who performed boarding and house sitting services, though the exact amount of overlap is currently unknown.

11.    From October 26, 2017, until November 30, 2021, the total number of bookings involving overnight boarding and overnight house-sitting services completed by Pet Care Providers in California was 811,106.

12.    Because these boarding and house-sitting services involve overnight stays, these bookings necessarily last longer than five hours each.  In fact, they typically run at least 24 hours.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on January 19, 2022, in Seattle, Washington.

DocuSigned by:

*Jenna White*

JENNA WHITE

I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature within this e-filed document.

DATED: January 19, 2022

By: *Jenna White*

Jenna White

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**DocuSign**

## Certificate Of Completion

Envelope Id: EC7D8EBACB4E45F1A90FF319EE5AD744
Subject: Please DocuSign: Declaration of Jenna White ISO Removal FINAL_2-FINAL 649pm.docx
Source Envelope:
Document Pages: 4
Certificate Pages: 5
AutoNav: Enabled
EnvelopeId Stamping: Enabled
Time Zone: (UTC-08:00) Pacific Time (US & Canada)

Signatures: 2
Initials: 0

Status: Completed

Envelope Originator:
Melissa Weiland
720 Olive Way
Suite 1900
Seattle, WA  98101
mweiland@rover.com
IP Address: 71.212.131.240

## Record Tracking

Status: Original
    1/19/2022 6:49:08 PM

Holder: Melissa Weiland
    mweiland@rover.com

Location: DocuSign

| Signer Events | Signature | Timestamp |
|---|---|---|
| Jenna White<br>jenna@rover.com<br>Senior Director<br>Security Level: Email, Account Authentication (None) | Jenna White<br>7ABE7AEF7DED492...<br><br>Signature Adoption: Pre-selected Style<br>Using IP Address: 67.185.198.241 | Sent: 1/19/2022 6:53:12 PM<br>Viewed: 1/19/2022 6:53:47 PM<br>Signed: 1/19/2022 6:54:16 PM |

**Electronic Record and Signature Disclosure:**
    Accepted: 1/19/2022 6:53:47 PM
    ID: f07b5f21-3ea4-4067-8f5a-243e1f6809c9

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|
| David Howenstine<br>david.howenstine@rover.com<br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>  Accepted: 7/27/2021 1:35:14 PM<br>  ID: f5d63d92-319b-443b-a7a3-96a1a1030ed0 | COPIED | Sent: 1/19/2022 6:53:13 PM |
| Vandana Kapur<br>VandanaKapur@dwt.com<br>Security Level: Email, Account Authentication (None)<br>**Electronic Record and Signature Disclosure:**<br>  Not Offered via DocuSign | COPIED | Sent: 1/19/2022 6:53:13 PM<br>Viewed: 1/19/2022 6:53:48 PM |

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 1/19/2022 6:53:13 PM |
| Certified Delivered | Security Checked | 1/19/2022 6:53:47 PM |
| Signing Complete | Security Checked | 1/19/2022 6:54:16 PM |
| Completed | Security Checked | 1/19/2022 6:54:16 PM |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

Electronic Record and Signature Disclosure created on: 6/22/2014 7:18:57 PM
Parties agreed to: Jenna White, David Howenstine

Case 2:22-cv-00403-RGK-E    Document 1    Filed 01/19/22    Page 27 of 82    Page ID
#:27

**ELECTRONIC RECORD AND SIGNATURE DISCLOSURE**

From time to time, Rover.com (we, us or Company) may be required by law to provide to you certain written notices or disclosures. Described below are the terms and conditions for providing to you such notices and disclosures electronically through the DocuSign, Inc. (DocuSign) electronic signing system. Please read the information below carefully and thoroughly, and if you can access this information electronically to your satisfaction and agree to these terms and conditions, please confirm your agreement by clicking the 'I agree' button at the bottom of this document.

**Getting paper copies**

At any time, you may request from us a paper copy of any record provided or made available electronically to you by us. You will have the ability to download and print documents we send to you through the DocuSign system during and immediately after signing session and, if you elect to create a DocuSign signer account, you may access them for a limited period of time (usually 30 days) after such documents are first sent to you. After such time, if you wish for us to send you paper copies of any such documents from our office to you, you will be charged a $0.00 per-page fee. You may request delivery of such paper copies from us by following the procedure described below.

**Withdrawing your consent**

If you decide to receive notices and disclosures from us electronically, you may at any time change your mind and tell us that thereafter you want to receive required notices and disclosures only in paper format. How you must inform us of your decision to receive future notices and disclosure in paper format and withdraw your consent to receive notices and disclosures electronically is described below.

**Consequences of changing your mind**

If you elect to receive required notices and disclosures only in paper format, it will slow the speed at which we can complete certain steps in transactions with you and delivering services to you because we will need first to send the required notices or disclosures to you in paper format, and then wait until we receive back from you your acknowledgment of your receipt of such paper notices or disclosures. To indicate to us that you are changing your mind, you must withdraw your consent using the DocuSign 'Withdraw Consent' form on the signing page of a DocuSign envelope instead of signing it. This will indicate to us that you have withdrawn your consent to receive required notices and disclosures electronically from us and you will no longer be able to use the DocuSign system to receive required notices and consents electronically from us or to sign electronically documents from us.

**All notices and disclosures will be sent to you electronically**

Unless you tell us otherwise in accordance with the procedures described herein, we will provide electronically to you through the DocuSign system all required notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you during the course of our relationship with you. To reduce the chance of you inadvertently not receiving any notice or disclosure, we prefer to provide all of the required notices and disclosures to you by the same method and to the same address that you have given us. Thus, you can receive all the disclosures and notices electronically or in paper format through the paper mail delivery system. If you do not agree with this process, please let us know as described below. Please also see the paragraph immediately above that describes the consequences of your electing not to receive delivery of the notices and disclosures

electronically from us.

**How to contact Rover.com:**

You may contact us to let us know of your changes as to how we may contact you electronically, to request paper copies of certain information from us, and to withdraw your prior consent to receive notices and disclosures electronically as follows:

 To contact us by email send messages to: brittany@rover.com


**To advise Rover.com of your new e-mail address**

To let us know of a change in your e-mail address where we should send notices and disclosures electronically to you, you must send an email message to us at brittany@rover.com and in the body of such request you must state: your previous e-mail address, your new e-mail address.  We do not require any other information from you to change your email address..

In addition, you must notify DocuSign, Inc. to arrange for your new email address to be reflected in your DocuSign account by following the process for changing e-mail in the DocuSign system.

**To request paper copies from Rover.com**

To request delivery from us of paper copies of the notices and disclosures previously provided by us to you electronically, you must send us an e-mail to brittany@rover.com and in the body of such request you must state your e-mail address, full name, US Postal address, and telephone number. We will bill you for any fees at that time, if any.

**To withdraw your consent with Rover.com**

To inform us that you no longer want to receive future notices and disclosures in electronic format you may:

> i. decline to sign a document from within your DocuSign session, and on the subsequent page, select the check-box indicating you wish to withdraw your consent, or you may;
>
> ii. send us an e-mail to brittany@rover.com and in the body of such request you must state your e-mail, full name, US Postal Address, and telephone number. We do not need any other information from you to withdraw consent..  The consequences of your withdrawing consent for online documents will be that transactions may take a longer time to process..


**Required hardware and software**

| Operating Systems: | Windows® 2000, Windows® XP, Windows Vista®; Mac OS® X |
|---|---|
| Browsers: | Final release versions of Internet Explorer® 6.0 or above (Windows only); Mozilla Firefox 2.0 or above (Windows and Mac); Safari™ 3.0 or above (Mac only) |
| PDF Reader: | Acrobat® or similar software may be required to view and print PDF files |
| Screen Resolution: | 800 x 600 minimum |
| Enabled Security Settings: | Allow per session cookies |

** These minimum requirements are subject to change. If these requirements change, you will be asked to re-accept the disclosure. Pre-release (e.g. beta) versions of operating systems and browsers are not supported.

**Acknowledging your access and consent to receive materials electronically**

To confirm to us that you can access this information electronically, which will be similar to

other electronic notices and disclosures that we will provide to you, please verify that you were able to read this electronic disclosure and that you also were able to print on paper or electronically save this page for your future reference and access or that you were able to e-mail this disclosure and consent to an address where you will be able to print on paper or save it for your future reference and access. Further, if you consent to receiving notices and disclosures exclusively in electronic format on the terms and conditions described above, please let us know by clicking the 'I agree' button below.

By checking the 'I agree' box, I confirm that:

- I can access and read this Electronic CONSENT TO ELECTRONIC RECEIPT OF ELECTRONIC RECORD AND SIGNATURE DISCLOSURES document; and

- I can print on paper the disclosure or save or send the disclosure to a place where I can print it, for future reference and access; and

- Until or unless I notify Rover.com as described above, I consent to receive from exclusively through electronic means all notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to me by  Rover.com during the course of my relationship with you.

# DECLARATION

JOHN P. LeCRONE (State Bar No. 115875)
  johnlecrone@dwt.com
VANDANA KAPUR (State Bar No. 281773)
  vandanakapur@dwt.com
LORRAINE WANG (State Bar No. 341172)
  lorrainewang@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendant
A PLACE FOR ROVER, INC. dba
ROVER.COM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAIRE RAINEY, as an individual and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>         vs.<br><br>A PLACE FOR ROVER, INC., dba ROVER.COM; and DOES 1-100, inclusive,<br><br>                    Defendants. | Case No.<br><br>**DECLARATION OF VANDANA KAPUR IN SUPPORT OF DEFENDANT A PLACE FOR ROVER, INC's REMOVAL**<br><br><br><br>Action Filed:  October 26, 2021 |

### DECLARATION OF VANDANA KAPUR

I, Vandana Kapur, declare:

1.    I am an attorney licensed by the Bar of the State of California, and I am admitted to practice before this Court.  I have been practicing law for more than 10 years, with the majority of that time dedicated to practicing employment law.  I am an attorney in the law firm of Davis Wright Tremaine LLP, counsel of record in this action for Defendant A Place for Rover, Inc. dba Rover.com ("Rover").  I make this declaration in support of Rover's Notice of Removal.  I have personal knowledge of the facts set forth in this Declaration, and if called to testify under oath, could and would testify competently to those facts.

2.    Attached hereto as "Exhibit A" is the state court Complaint, filed by Plaintiff.

3.    Attached hereto as "Exhibit B" is the Summons in this action.

4.    Attached hereto as "Exhibit C" is the Civil Case Cover Sheet, filed by Plaintiff in the state court action.

5.    Attached hereto as "Exhibit D" is the Initial Status Conference Order in the state court action;

6.    Attached hereto as "Exhibit E" is the Answer and Proof of Service filed by Defendant on January 14, 2022;

7.    Attached hereto as "Exhibit F" is the Civil Case Cover Sheet, filed by Defendant in the instant action.

8.    I have had an opportunity to review the California Department of Industrial Relations ("DIR") website page detailing the minimum wage for employees for California since 2017, at the following link: Minimum wage (ca.gov).  Although Rover disputes that Ms. Rainey and the putative class members were employees subject to minimum wage requirements, based on both my review of the information on the website as well as my knowledge as an employment

DECLARATION IN SUPPORT OF REMOVAL
4876-9509-9402v.1 0107222-000057

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

attorney, for employers with 26 employees or more, I understand the minimum wage from 2017 until 2021 to be as follows:

| Date | Minimum Wage |
|---|---|
| January 1, 2017 | $10.50/hour |
| January 1, 2018 | $11.00/hour |
| January 1, 2019 | $12.00/hour |
| January 1, 2020 | $13.00/hour |
| January 1, 2021 | $14.00/hour |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on January 19, 2022 at Los Angeles, California.

_____
Vandana Kapur

DECLARATION IN SUPPORT OF REMOVAL

4876-9509-9402v.1 0107222-000057

2

# EXHIBIT A

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Maren Nelson

Electronically FILED by Superior Court of California, County of Los Angeles on 10/26/2021 03:34 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Drew,Deputy Clerk

MICHAEL R. CROSNER (SBN 41294)
mike@crosnerlegal.com
ZACHARY M. CROSNER (SBN 272295)
zach@crosnerlegal.com
BLAKE R. JONES (SBN 211221)
blake@crosnerlegal.com
CHAD SAUNDERS (SBN 257810)
chad@crosnerlegal.com
**CROSNER LEGAL, PC**
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (310) 496-5818
Fax: (310) 510-6429

Attorneys for Plaintiff CLAIRE RAINEY,
as an individual and on behalf of all others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| CLAIRE RAINEY, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>A PLACE FOR ROVER, INC., a Delaware corporation; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: **21STCV39459**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **Recovery of Unpaid Minimum Wages and Liquidated Damages**<br>2. **Recovery of Unpaid Overtime Wages**<br>3. **Failure to Provide Meal Periods or Compensation in Lieu Thereof**<br>4. **Failure to Provide Rest Periods or Compensation in Lieu Thereof**<br>5. **Failure to Furnish Accurate Itemized Wage Statements**<br>6. **Failure to Timely Pay All Wages Due Upon Separation of Employment**<br>7. **Failure to Reimburse Business Expenses** *and*<br>8. **Unfair Competition**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, CLAIRE RAINEY ("PLAINTIFF"), as an individual and on behalf of all others similarly situated, hereby files this Complaint against Defendant A PLACE FOR ROVER, INC. ("DEFENDANT"), and DOES 1-100, inclusive.  PLAINTIFF is informed and believes and thereon alleges as follows:

## JURISDICTION AND VENUE

1.      This court possesses original subject matter jurisdiction over this matter. Venue is proper in Los Angeles County, California, because DEFENDANT has not designated a principal place of business in the State of California such that PLAINTIFF may chose a convenient venue within the state. Moreover, DEFENDANT transacts business within this judicial district and some of the complained of conduct occurred in this judicial district.

## THE PARTIES

2.      PLAINTIFF resides in Los Angeles County, in the State of California. PLAINTIFF worked for DEFENDANT in the State of California as a non-exempt employee misclassified by DEFENDANT as an independent contractor, during the relevant period.

3.      Defendant A PLACE FOR ROVER, INC. is a Delaware corporation that does business in the State of California. DEFENDANT does business in the State of California through its website Rover.com. Plaintiff is informed and believes, and based thereon alleges, that DEFENDANT is a subsidiary of the publicly traded corporation Rover Group, Inc.

4.      The true names and capacities of the DOE Defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to PLAINTIFF, who therefore sues each such Defendant by said fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. PLAINTIFF will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Doe Defendants when such identities become known.

## CLASS ALLEGATIONS

5.      PLAINTIFF brings this action on behalf of herself and all others similarly situated as a class action pursuant to Code of Civil Procedure section 382. The class PLAINTIFF seeks to represent are defined as follows and referred to as "the Class Members":  All individuals who

performed services in California through DEFENDANT's mobile application and/or through DEFENDANT'S website Rover.com at any time within the four years prior to the filing of the initial complaint."

A. <u>Numerosity.</u> While the exact number of Class Members is unknown to PLAINTIFF at this time, the class is so numerous that the individual joinder of all members is impractical under the circumstances of this case.

B. <u>Common Questions of Law and Fact.</u> This lawsuit is suitable for class treatment because common questions of law and fact predominate over individual issues. Common questions include, but are not limited to, the following: (1) whether DEFENDANT failed to pay all amounts due to PLAINTIFF and the Class Members for wages earned, including minimum and overtime wages, under California law, as a result of DEFENDANT'S willful misclassification of PLAINTIFF and the Class Members as independent contractors; (2) whether DEFENDANT provided PLAINTIFF and the Class Members with all meal periods or premium payments in lieu thereof in compliance with California law; (3) whether DEFENDANT provided PLAINTIFF and the Class Members with all rest periods or premium payments in lieu thereof, in compliance with California law; (4) whether DEFENDANT provided PLAINTIFF and the Class Members with accurate, itemized wage statements in compliance with California law; (5) whether DEFENDANT timely paid PLAINTIFF and the Class Members all wages due upon separation of employment; (6) whether DEFENDANT failed to reimburse PLAINTIFF and the Class Members for all business expenses; and (7) whether DEFENDANT violated California Business and Professions Code sections 17200, et seq.

C. <u>Ascertainable Class.</u> The proposed class is ascertainable as its members can be identified and located using information in DEFENDANT's business, payroll and personnel records.

D. <u>Typicality.</u> PLAINTIFF's claims are typical of the claims of the Class Members. PLAINTIFF suffered a similar injury as the other Class Members as a result of DEFENDANT's common policies and practices regarding, *inter alia*, willful misclassification of employees as independent contractors, failure to calculate and pay all owed minimum and overtime wages, failure to provide proper meal and rest periods or premium compensation in lieu thereof, failure to provide accurate wage statements, failure to reimburse business expenses, and failure to pay all wages due upon separation of employment.

E. <u>Adequacy.</u> PLAINTIFF will fairly and adequately protect the interests of the Class Members. PLAINTIFF has no interests adverse to the interests of the other Class Members. Counsel who represent PLAINTIFF are competent and experienced in litigating similar class action cases and are California lawyers in good standing. Counsel for PLAINTIFF have the experience and resources to vigorously prosecute this case.

F. <u>Superiority.</u>  A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender.  Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial.  Individualized litigation would also present the potential for inconsistent or contradictory judgments.  Finally, the alternative of filing a claim with the California Labor Commissioner is not

superior, given the lack of discovery in such proceedings, the fact that there are fewer available remedies, and the losing party has the right to a trial de novo in the Superior Court.

**FACTUAL AND LEGAL ALLEGATIONS**

6.     During the four-year period preceding filing of this complaint, PLAINTIFF, and each of the Class Members, were employed by DEFENDANT in the State of California.  At all relevant times, PLAINTIFF and the Class Members were non-exempt employees of DEFENDANT that DEFENDANT misclassified as independent contractors. At all times referenced herein, DEFENDANT exercised control over PLAINTIFF and each of the Class Members and suffered and/or permitted them to work.

7.     PLAINTIFF worked for DEFENDANT beginning in or about July 2021. DEFENDANT is an on-demand company that provides pet care services to pet owners through a mobile app.  PLAINTIFF and the Class Members work/worked as DEFENDANT's Dog Walkers and or Pet Sitters and or Pet Boarders and or similar title providing pet care services for DEFENDANT's customers.  PLAINTIFF and the Class Members are/were paid hourly and or piece rate/per job.  At all relevant times, PLAINTIFF and the Class Members were non-exempt employees of DEFENDANT who DEFENDANT willfully misclassified as independent contractors to evade California wage and hour laws.

8.     To qualify as an independent contractor under California law, (1) the worker must be free from the employer's control and direction in the performance of the work, both under the contract for the performance of the work and in fact; (2) the work performed must be outside the usual course of the employer's business; and (3) the worker must not be customarily engaged in an independently established trade, occupation, or business of the same nature as the work he performed for employer.  The worker is presumed to be an employee unless the employer/hiring entity can show that all three conditions are met.

9.     Despite DEFENDANT's efforts to evade California wage and hour laws by setting up an alleged contractor scheme, the reality is that PLAINTIFF and the Class Members are and were, in fact, at all relevant times, employees according to the law, in that:

(1) PLAINTIFF and the Class Members are not free from DEFENDANT's control and direction in the performance of work, both under the contract for the performance of the work and in fact. For example, DEFENDANT required PLAINTIFF and the Class Members to undergo an extensive application and background check process to be able to provide pet care services to DEFENDANT's customers. PLAINTIFF and the Class Members were prohibited from offering any services through DEFENDANT's app unless they had been selected through DEFENDANT's application process and undergone and passed an extensive background check. Also, Plaintiff is informed and believes, and based thereon alleges, that during the Covid-19 pandemic, DEFENDANT exercised further control over its workers by requiring that they wear personal protective equipment and or follow detailed instructions set by DEFENDANT on how to conduct themselves before, during and after a job. Furthermore, DEFENDANT reserves the right to terminate Class Members' accounts for any reason. DEFENDANT also states that it may terminate Class Members' accounts if they repeatedly cancel accepted bookings without justification.

(2) The work PLAINTIFF and the Class Members perform work is entirely within the usual course of the DEFENDANT'S business of providing pet care services. DEFENDANT is in the business of providing pet care services, and PLAINTIFF and the Class Members work as DEFENDANT's pet care service providers, including but not limited to, as dog walkers, pet sitters, and or pet boarders. The work that PLAINTIFF and the Class Members perform is therefore not a distinct occupation or an incidental or tangential part of DEFENDANT's operations but rather is central to DEFENDANT's core business.

(3) PLAINTIFF and the Class Members are not customarily engaged in an independently established trade, occupation, or business of the same nature as the work they perform for DEFENDANT.  PLAINTIFF and the Class Members do not incur profits or losses; instead, DEFENDANT manages the business operation, attracts any customers, advertises to potential customers and secures customers.  PLAINTIFF and the Class Members have not made any capital investment in any of DEFENDANT's facilities or advertising or

DEFENDANT's mobile application or other electronic systems.  PLAINTIFF and the Class Members do not own any business enterprise, do not exercise any business management skills, and do not maintain any separate business structures or facilities.  PLAINTIFF and the Class Members do not hire or subcontract other individuals to provide additional services to customers as independent contractors in business for themselves would do.

10.    Based on the work relationship described above, there can be no doubt that PLAINTIFF and the Class Members were at all relevant times DEFENDANT's employees – not independent contractors.  Thus, DEFENDANT's conduct constitutes an intentional, willful pattern and/or practice of misclassification in violation of California law. (See, e.g., Labor Code § 226.8.)

11.    DEFENDANT willfully misclassified and continues to willfully misclassify PLAINTIFF and the Class Members as independent contractors in an attempt to evade California labor laws that protect employees, such as, but not limited to, minimum and overtime wage and sick pay laws, meal and rest period laws, expense reimbursement requirements, wage statement requirements, and requirements as to the timely payment of wages upon separation of employment. Because DEFENDANT improperly classified PLAINTIFF and Class Members as independent contractors rather than as employees, PLAINTIFF and Class Members were not properly and fully compensated for all hours worked.

12.    For example, PLAINTIFF was not paid for all hours worked such as, but not limited to, travel time, rest breaks, time spent preparing for jobs and or standby time.  DEFENDANT's failure to compensate PLAINTIFF for all hours worked resulted in violations of California minimum and overtime wage laws.  DEFENDANT also did not provide PLAINTIFF duty-free, uninterrupted, thirty-minute meal periods when PLAINTIFF worked more than five (5) and ten hours in a workday. Despite failing to provide PLAINTIFF with meal breaks, DEFENDANT did not pay the required meal period premiums in violation of California law. Similarly, DEFENDANT did not provide PLAINTIFF with required rest breaks, or with compensation in lieu thereof, as required by California law. Also, PLAINTIFF was required to use PLAINTIFF's own vehicle to travel to locations where PLAINTIFF performed pet-care services on behalf of DEFENDANT, but DEFENDANT failed to reimburse PLAINTIFF for use of PLAINTIFF's personal vehicle and other

1  reasonably necessary business expenses, including but not limited to, use of PLAINTIFF's personal

2  cell phone/mobile device. Additionally, DEFENDANT failed to provide accurate, itemized wage

3  statements to PLAINTIFF, and failed to pay PLAINTIFF all wages due upon separation of

4  employment within the time limits prescribed by California law.

5       13.     As part of its misclassification scheme, DEFENDANT has failed and continues to

6  fail to pay minimum and overtime wages, failed and continues to fail to provide all owed meal and

7  rest periods or compensation in lieu thereof, failed and continues to fail to reimburse expenses, failed

8  and continues to fail to furnish accurate itemized wage statements, and failed and continues to fail

9  to pay all wages due and owing upon separation of employment, including but not limited to, all

10  owed minimum and overtime wages and all owed sick leave pay.

11       14.     DEFENDANT did not authorize or permit PLAINTIFF to take meal periods.

12  DEFENDANT did not advise PLAINTIFF that meal breaks should be free of all duties and employer

13  control. PLAINTIFF consistently worked more than five (5) hours in a workday without being

14  provided a thirty-minute, uninterrupted, off-duty meal period. After working more than five (5)

15  hours, PLAINTIFF would be required to work through PLAINTIFF's owed meal periods.

16  DEFENDANT never paid any meal period premium for any missed or improper meal period.

17       15.     DEFENDANT did not authorize or permit PLAINTIFF to take rest breaks.

18  DEFENDANT did not advise PLAINTIFF when rest breaks should be taken, how long rest breaks

19  should be, how many rest breaks PLAINTIFF should receive in a given shift, nor that rest breaks

20  should be free of all duties and employer control. DEFENDANT required PLAINTIFF to

21  continuously work without authorizing or providing paid rest periods. Plaintiff regularly worked

22  more than three-and-one-half (3½) hours without being authorized or permitted to take a paid ten

23  (10) minute rest period. DEFENDANT never paid any rest period premium for any missed or

24  improper rest period.

25       16.     DEFENDANT failed to furnish PLAINTIFF with complete and accurate wage

26  statements in compliance with Labor Code section 226. In fact, DEFENDANT did not furnish

27  PLAINTIFF with any wage statements. DEFENDANT did not provide PLAINTIFF any wage

28  statement that accurately reflected the total gross and net wages earned, the total hours worked and

or any applicable piece rate compensation paid, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, all deductions, the inclusive dates of the pay period, PLAINTIFF's name and identification number/last four digits of PLAINTIFF' social security number, and the legal name and address of DEFENDANT. Accordingly, DEFENDANT violated Labor Code section 226 with respect to PLAINTIFF.

17.    PLAINTIFF was improperly required to pay for business expenses that are supposed to be the responsibility of the employer, such as but not limited to, vehicle-related expenses. DEFENDANT required PLAINTIFF to use her personal vehicle in the performance of her job duties, such as, but not limited to, to drive to and from customers' residences but did not reimburse PLAINTIFF in any way for these personal vehicle-related expenses. DEFENDANT was required to reimburse PLAINTIFF for vehicle-related expenses at the Internal Revenue Service (IRS) mandated per mile compensation for the relevant time period, which DEFENDANT failed to do.  PLAINTIFF further incurred reasonable and necessary expenses which were not reimbursed by DEFENDANT, such as, but not limited to, cell phone/mobile device data plan expenses. DEFENDANT required PLAINTIFF to download and use on her personal cell phone/mobile device DEFENDANT's app so that DEFENDANT and DEFENDANT's customers could monitor dog walking/pet-sitting/boarding services and so that PLAINTIFF could communicate information to DEFENDANT and DEFENDANT's customers regarding the status on the services PLAINTIFF was providing on behalf of DEFENDANT. Based on information and belief, DEFENDANT further failed to reimburse for reasonable expenses, such as but not limited to, pet food or water, bags, containers, and cleaning supplies.  DEFENDANT's failure to provide PLAINTIFF with full reimbursement for all reasonable expenses associated with carrying out her duties required PLAINTIFF to subsidize and/or carry the burden of business expenses in violation of Labor Code section 2802.

18.    DEFENDANT did not pay all wages owed to PLAINTIFF upon separation of employment, including but not limited to, all earned and unpaid minimum wages, overtime wages, and sick leave wages.  In fact, DEFENDANT did not provide any final paycheck to PLAINTIFF.

19.    PLAINTIFF is informed and believes and alleges thereon that DEFENDANT engaged in these same herein described unlawful practices with regard to all of the Class Members,

and that DEFENDANT applied these same herein described unlawful practices to all of its employees that it applied to PLAINTIFF.

## FIRST CAUSE OF ACTION
### Recovery of Unpaid Minimum Wages and Liquidated Damages
### (Against Defendants A PLACE FOR ROVER, INC. and DOES 1-100, inclusive)

20.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

21.    Pursuant to California Labor Code sections 1194 and 1197, and the Industrial Wage Commission ("IWC") Wage Orders, an employer must pay its employees for all hours worked, up to forty per week or eight (8) per day, at a regular time rate no less than the mandated minimum wage. Payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

22.    DEFENDANT violated California's minimum wage laws by failing to compensate PLAINTIFF and the Class Members for all hours worked at the legally mandated minimum wage rate(s). DEFENDANT suffered and permitted PLAINTIFF and the Class Members to work off the clock without wages. PLAINTIFF and the Class Members were not compensated for all time worked, such as but not limited to, travel time, rest breaks, time spent preparing for jobs and or standby time.

23.    DEFENDANT had and continue to have a continuous policy of failing to pay PLAINTIFF and Class Members for all hours worked.

24.    Pursuant to Labor Code sections 1194 and 1194.2, PLAINTIFF and the Class Members are entitled to recover all unpaid minimum time wages and liquidated damages thereon, plus attorney's fees and costs, in an amount to be proved at trial.

## SECOND CAUSE OF ACTION
### Recovery of Unpaid Overtime Wages
### (Against Defendants A PLACE FOR ROVER, INC. and DOES 1-100, inclusive)

25.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

26.    Employees in California must be paid overtime, equal to one and one half times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including twelve hours in a workday, and for the first eight (8) hours worked on the seventh consecutive day

of work in a workweek, and they must be paid double the regular rate of pay for all hours worked in excess of twelve hours in a workday and for all hours worked in excess of eight (8) on the seventh consecutive day of work in a workweek, unless they are exempt.

27.     PLAINTIFF and the Class Members worked overtime hours for which they were not compensated by DEFENDANT by virtue of DEFENDANT's illegal policies and practices, including but not limited to, DEFENDANT's willful misclassification of PLAINTIFF and the Class Members as independent contractors when PLAINTIFF and the Class Members were, in fact, non-exempt employees of DEFENDANT, as described herein.

28.     DEFENDANT's conduct described above is in violation of California Labor Code sections 510 and 1194 and all applicable Industrial Wage Commission Wage Orders.

29.     PLAINTIFF and the Class Members are entitled to recover all unpaid overtime wages, plus attorney's fees and costs, in an amount to be proved.

### THIRD CAUSE OF ACTION
**Failure to Provide Meal Periods or Compensation in Lieu Thereof**
**(Against Defendants A PLACE FOR ROVER, INC. and DOES 1-100, inclusive)**

30.     PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

31.     Pursuant to Labor Code section 512 and all applicable IWC Wage Orders, DEFENDANT was required to provide PLAINTIFF and the Class Members with one thirty-minute meal break free from all duties and employer control for all shifts longer than five (5) hours, and a second thirty-minute meal break free from all duties for all shifts longer than ten (10) hours. Employers covered by the Wage Orders have an obligation to both (1) relieve their employees for at least one meal period for shifts over five hours (see above), and (2) to record having done so. If the employer fails to properly record a valid meal period, it is presumed no meal period was provided.

32.     PLAINTIFF and the Class Members have regularly worked in excess of five (5) hours a day, without being provided at least a thirty (30) minute meal period in which they were relieved of all duties, as required by Labor Code sections 226.7 and 512 and all applicable Wage Orders, section 11(A).

33.    DEFENDANT had actual and/or constructive knowledge that PLAINTIFF and the Class Members did not receive compliant meal periods. DEFENDANT had actual or constructive knowledge that its policy and practice of misclassifying its workers as independent contractors when they were employees resulted in the denial of meal periods to PLAINTIFF and the Class Members, in violation of California's meal period laws.

34.    DEFENDANT did not pay PLAINTIFF and the Class Members an additional hour of wages at their regular rate(s) of pay for each workday a proper meal period was not provided. Based on information and belief, DEFENDANT never paid a single meal period premium to PLAINTIFF or the Class Members.

35.    DEFENDANT failed to provide PLAINTIFF and the Class Members with all required meal periods, or with proper compensation in lieu thereof. As a result, under Labor Code section 226.7, PLAINTIFF and the Class Members are entitled to one additional hour's pay at the proper premium pay rate for each day a meal period was missed, late or interrupted, all in an amount to be proved.

36.    By violating Labor Code section 226.7 and all applicable IWC Wage Orders, section 11, DEFENDANT is also liable for interest under Labor Code section 218.6.

## FOURTH CAUSE OF ACTION
### Failure to Provide Rest Periods or Compensation in Lieu Thereof
### (Against Defendants A PLACE FOR ROVER, INC. and DOES 1-100, inclusive)

37.    PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

38.    PLAINTIFF and the Class Members have regularly worked in excess of three and one-half (3 ½) hours a day without being permitted to take at least a ten (10) minute paid rest period for every four (4) hours worked, or major fraction thereof, as required by all applicable IWC Wage Orders, section 12 and Labor Code section 226.7

39.    Because DEFENDANT failed to permit proper paid rest periods, DEFENDANT is liable to PLAINTIFF and the Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper paid rest periods were not authorized, pursuant to California Labor Code section 226.7(b) and the applicable Wage Order, section 12(B).

40.     By violating Labor Code section 226.7 and all applicable IWC Wage Orders, section 12, DEFENDANT is also liable for interest under Labor Code section 218.6.

### FIFTH CAUSE OF ACTION
**Failure to Furnish Accurate Itemized Wage Statements**
**(Against Defendants A PLACE FOR ROVER, INC. and DOES 1-100, inclusive)**

41.     PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

42.     Pursuant to California Labor Code section 226, subdivision (a), PLAINTIFF and the Class Members were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

> (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and her or her social security number, except that by January 1, 2008, only the last four digits of her or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

43.     During the relevant time period, DEFENDANT knowingly and intentionally failed to provide PLAINTIFF and the Class Members with complete and accurate wage statements in compliance with Labor Code section 226.

44.     DEFENDANT does not/did not provide wage statements showing gross wages, total hours worked by the employee, the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, all deductions, net wages earned, the inclusive dates of the pay period, the name of the employee and employee identification number/last four digits of employee social security number, the name and address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

45.    Based on information and belief, DEFENDANT failed to provide PLAINTIFF and the Class Members with any wage statements at all.

46.    As a result of DEFENDANT's unlawful conduct, PLAINTIFF and the Class Members have suffered injury. The absence of accurate information on their wage statements has prevented earlier challenges to DEFENDANT's unlawful pay practices, will require discovery and mathematical computations to determine the amount of wages owed, and will cause difficulty and expense in attempting to reconstruct time and pay records. DEFENDANT's conduct led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies. As a result, PLAINTIFF and the Class Members are required to participate in this lawsuit and create more difficulty and expense for PLAINTIFF and the Class Members from having to reconstruct time and pay records than if DEFENDANT had complied with its legal obligations.

47.    Pursuant to California Labor Code section 226(e), PLAINTIFF and the Class Members are entitled to recover fifty dollars per employee for the initial pay period in which a Section 226 violation occurred and one hundred dollars per employee per violation for each subsequent pay period, not to exceed an aggregate penalty of four thousand dollars per employee.

48.    Pursuant to California Labor Code section 226(h), PLAINTIFF and the Class Members are entitled to bring an action for injunctive relief to ensure DEFENDANT's compliance with California Labor Code section 226(a). Injunctive relief is warranted because DEFENDANT continues to provide currently employed Class Members with inaccurate wage statements or no wage statements at all in violation of California Labor Code section 226(a). Currently employed Class Members have no adequate legal remedy for the continuing injuries that will be suffered as a result of DEFENDANT's ongoing unlawful conduct. Injunctive relief is the only remedy available for ensuring DEFENDANT's compliance with California Labor Code section 226(a).

49.    Pursuant to California Labor Code sections 226(e) and 226(h), PLAINTIFF and the Class Members are entitled to recover the full amount of penalties due under Section 226(e), reasonable attorneys' fees, and costs of suit.

## SIXTH CAUSE OF ACTION

**Failure to Timely Pay All Wages Due Upon Separation of Employment**

**(Against Defendants A PLACE FOR ROVER, INC. and DOES 1-100, inclusive)**

50.     PLAINTIFF incorporates all preceding paragraphs as if fully set forth herein.

51.     California Labor Code section 201(a) provides, in relevant part, that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

52.     California Labor Code section 202(a) provides, in relevant part, that "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of her or her intention to quit, in which case the employee is entitled to her or her wages at the time of quitting."

53.     DEFENDANT failed to timely pay PLAINTIFF and the Class Members all wages that were due and owing upon termination or resignation, as described herein. Upon separation of employment, PLAINTIFF and the Class Members' final paychecks were not timely provided, and any final paychecks provided did not include all earned and unpaid wages, including but not limited to, all earned and unpaid minimum and overtime wages.

54.     DEFENDANT further failed to provide any paid sick leave whatsoever, in violation of Labor Code section 245, et seq. and further failed to provide notice of the correct sick leave balance available to PLAINTIFF and the Class Members. As a result, DEFENDANT willfully failed to timely pay all wages upon separation of employment because it was not paying sick pay at the appropriate rates, required by California law.

55.     Under Labor Code section 203, PLAINTIFF and the Class Members who no longer are employed with DEFENDANT are entitled to recover waiting time penalties of up to 30 days' pay, plus attorney's fees and costs, in an amount to be proved at trial.

//

//

//

**SEVENTH CAUSE OF ACTION**
**Failure to Reimburse Business Expenses**
**(Against Defendants A PLACE FOR ROVER, INC. and DOES 1-100, inclusive)**

56.    Plaintiff incorporates all preceding paragraphs as if fully alleged herein.

57.    Pursuant to California Labor Code section 2802, PLAINTIFF and the Class Members were entitled to be reimbursed for all reasonable expenses associated with carrying out orders by their employer and/or carrying out the duties assigned by their employers.

58.    PLAINTIFF and the Class Members were improperly required to pay for business expenses that are legally the responsibility of the employer, including but not limited to, cell phone/mobile device data plan charges incurred as a result of DEFENDANT's requirement that PLAINTIFF and the Class Members download and use DEFENDANT's app for communicating with DEFENDANT and or DEFENDANT's customers as well as costs associated with PLAINTIFF and the Class Members having to use their personal vehicles on the job – including but not limited to, gas, mileage, and wear and tear on the vehicles. Based on information and belief, DEFENDANT further failed to reimburse for reasonable expenses, such as but not limited to, pet food or water, bags, containers, and cleaning supplies.

59.    DEFENDANTS's failure to provide PLAINTIFF and the Class Members with full reimbursement for all reasonable expenses associated with carrying out their duties required that PLAINTIFF and the Class Members subsidize and/or carry the burden of business expenses in violation of Labor Code section 2802.

60.    As a result of DEFENDANT's unlawful conduct, PLAINTIFF and the Class Members have suffered injury in that they were not completely reimbursed as mandated by California law.

61.    Pursuant to California Labor Code section 2802, PLAINTIFF and the Class Members are entitled to recover the full amount of reimbursable expenses due, in addition to reasonable attorneys' fees, and costs of suit.

//

//

//

**EIGHTH CAUSE OF ACTION**
**Unfair Competition**
**(Against Defendants A PLACE FOR ROVER, INC. and DOES 1-100, inclusive)**

62.     PLAINTIFF incorporates all preceding paragraphs as if fully alleged herein.

63.     The unlawful conduct of DEFENDANT alleged herein constitutes unfair competition within the meaning of California Business and Professions Code section 17200. This unfair conduct includes all unlawful conduct alleged herein, including but not limited to: DEFENDANT's willful misclassification of PLAINTIFF and the Class Members as independent contractors when they were employees under the law; DEFENDANTS' failure to pay minimum and overtime wages by virtue of its illegal policies and practices, including but not limited to, willfully misclassifying PLAINTIFF and the Class Members as independent contractors when they were employees under the law; DEFENDANT's failure to authorize or permit, or provide, all required meal and rest periods or pay proper premiums in lieu thereof; DEFENDANTS' failure to furnish complete and accurate itemized wage statements; DEFENDANT's failure to reimburse business expenses; and DEFENDANTS' failure to timely pay all wages due during and upon separation of employment.

64.     Due to DEFENDANT's unfair and unlawful business practices in violation of the California Labor Code, DEFENDANT has gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to not willfully misclassify its employees as independent contractors, to authorize or permit rest and meal periods or pay proper meal and rest period premiums in lieu thereof, to provide proper notice and properly accrue and pay sick time benefits, to provide complete and accurate itemized wage statements, to reimburse employees for all business expenses, to pay all owed minimum and overtime wages, and to pay all wages, including but not limited to, all owed minimum, overtime and sick leave wages upon separation of employment of their employees.

65.     As a result of DEFENDANT's unfair competition as alleged herein, PLAINTIFF and the Class Members have suffered injury in fact and lost money or property, as described in more detail above. Pursuant to California Business and Professions Code section 17200, et seq.,

1   PLAINTIFF and Class Members are entitled to restitution of all wages and other monies rightfully

2   belonging to them that DEFENDANT failed to pay and wrongfully retained by means of its unlawful

3   and unfair business practices.

4        66.      PLAINTIFF also seeks an injunction against DEFENDANT on behalf of the Class

5   Members, enjoining DEFENDANT and any and all persons acting in concert with it from engaging

6   in each of the unlawful practices and policies set forth herein.

7                              **PRAYER FOR RELIEF**

8        WHEREFORE, PLAINTIFF prays for relief and judgment, on behalf of PLAINTIFF and

9   the Class Members:

10   1.   For an order that the action be certified as a class action;

11   2.   For an order that PLAINTIFF be appointed class representative;

12   3.   For an order that counsel for PLAINTIFF be appointed class counsel;

13   4.   For compensatory damages according to proof;

14   5.   For liquidated damages according to proof;

15   6.   For penalties according to proof;

16   7.   For an order requiring DEFENDANT to make restitution of all amounts wrongfully withheld

17        from PLAINTIFF and the Class Members;

18   8.   For an order finding DEFENDANT has engaged in unfair competition in violation of section

19        17200, et seq. of the California Business and Professions Code;

20   9.   For an order enjoining DEFENDANT from further acts of unfair competition;

21   10. For pre-judgment interest as permitted by law;

22   11. For attorney's fees and costs reasonably incurred; and

23   12. For such other and further relief that the Court deems just and proper.

24   Dated:  October 26, 2021          **CROSNER LEGAL, PC**

25                                By: _____

26                                      Michael R. Crosner, Esq.
                                       Zachary M. Crosner, Esq.
27                                      Blake R. Jones, Esq.
                                       Attorneys for Plaintiff,
28                                      CLAIRE RAINEY

## **DEMAND FOR JURY TRIAL**

PLAINTIFF demands a trial by jury on all claims so triable.

Dated:  October 26, 2021

**CROSNER LEGAL, PC**

By: _____

Michael R. Crosner, Esq.
Zachary M. Crosner, Esq.
Blake R. Jones, Esq.
Attorneys for Plaintiff,
CLAIRE RAINEY

# EXHIBIT B

# NATIONAL REGISTERED AGENTS, INC

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  Annie Nyquist
     A Place For Rover, Inc.
     720 OLIVE WAY STE 1900
     SEATTLE, WA 98101-1847

SOP Transmittal #  **540775944**

Entity Served:  A PLACE FOR ROVER, INC.  (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc or its Affiliate in the State of WASHINGTON on this 20 day of December, 2021. The following is a summary of the document(s) received:

1.  **Title of Action:**  CLAIRE RAINEY, as an individual and on behalf of all others similarly situated vs. A PLACE FOR ROVER, INC.

2.  **Document(s) Served:**    Other: --

3.  **Court of Jurisdiction/Case Number:** None Specified
    Case # 21STCV39459

4.  **Amount Claimed, if any:**  N/A

5.  **Method of Service:**

    _X_ Personally served by:    _X_ Process Server        ___ Law Enforcement        ___ Deputy Sheriff        ___ U. S Marshall

    ___ Delivered Via:            ___ Certified Mail        ___ Regular Mail            ___ Facsimile

    ___ Other (Explain):

6.  **Date and Time of Receipt:**   12/20/2021 03:43:00 PM CST

7.  **Appearance/Answer Date:**  None Specified

8.  **Received From:**    None Specified            9.  **Carrier Airbill #**

                                                   10.  **Call Made to:** Not required

11.    **Special Comments:**
NRAI has retained the current log, Retain Date: 12/21/2021, Expected Purge Date: 01/20/2022

Image SOP

Email Notification,  Annie Nyquist  annie@rover.com

Email Notification,  John Lapham  Jlapham@rover.com

REMARKS : The documents received have been modified to reflect the name of the entity being served.

**Registered Agent: NATIONAL REGISTERED AGENTS, INC**            **CopiesTo:**

866-539-8692 - Telephone
360-252-8141 - Fax

The information contained in this Summary Transmittal Form is provided by NRAI for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and

ORIGINAL

## NATIONAL REGISTERED AGENTS, INC

### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  Annie Nyquist
     A Place For Rover, Inc.
     720 OLIVE WAY STE 1900
     SEATTLE, WA 98101-1847

SOP Transmittal #  540775944

Entity Served:   A PLACE FOR ROVER, INC.  (Domestic State: DELAWARE)

taking appropriate action, including consulting with its legal and other advisors as necessary. NRAI disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Transmitted by   Amy McLaren

ORIGINAL

Electronically FILED by Superior Court of California, County of Los Angeles on 10/26/2021 02:02 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Drew,Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

A PLACE FOR ROVER, INC., a Delaware corporation; and
DOES 1-100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

CLAIRE RAINEY, as an individual and on behalf of all others
similarly situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court for the State of California for the county of Los Angeles- Stanley Mosk | **CASE NUMBER:** *(Número del Caso:)* 21STCV39459 |

111 N. Hill St. Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):* CROSNER LEGAL, PC 9440 Santa Monica Blvd., Ste. 301, Beverly Hills, CA 90210 Tel: (310) 496-5818

| DATE: *(Fecha)* 10/26/2021 | Clerk, by *(Secretario)* Sherri R. Carter Executive Officer/ Clerk of Court S. Drew | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*    A PLACE FOR ROVER, INC., a Delaware corporation

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☒ by personal delivery on (date): 12/16/21  12/20/21

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

# EXHIBIT C

Electronically FILED by Superior Court of California, County of Los Angeles on 10/26/2021 02:33 PM Sherri R. Carter, Executive Officer/Clerk of Court, by S. Drew,Deputy Clerk

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>— Michael R. Crosner (SBN 41299), Zachary M. Crosner (SBN 272295),<br>Blake Jones (Bar No. 211221), Chad Saunders (SBN 257810)<br>CROSNER LEGAL, PC<br>9440 Santa Monica Blvd., Ste. 301, Beverly Hills, CA 90210<br>TELEPHONE NO.: (310) 496-5818   FAX NO.: (310) 510-6429<br>ATTORNEY FOR *(Name):* Claire Rainey | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk

CASE NAME:
CLAIRE RAINEY vs. A PLACE FOR ROVER, INC.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER:<br>21STCV39459 |
|---|---|---|---|
| ✔ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
✔ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☒ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☒ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☒ Substantial amount of documentary evidence
   d. ☒ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 8
5. This case ☒ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 10/26/2021

Zachary M. Crosner
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.**  If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1.  This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case.  If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below.  A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.**  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit.  A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading.  A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.**  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: CLAIRE RAINEY vs. A PLACE FOR ROVER, INC. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

| SHORT TITLE: CLAIRE RAINEY vs. A PLACE FOR ROVER, INC. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: CLAIRE RAINEY vs. A PLACE FOR ROVER, INC. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: CLAIRE RAINEY vs. A PLACE FOR ROVER, INC. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: <u>10/26/2021</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

EXHIBIT D

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 08 2021

Sherri R. Carter, Executive Officer/Clerk of Court
By: Berta Guerrero, Deputy

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

CLAIRE RAINEY

        Plaintiff,

    vs.

PLACE FOR ROVER, INC.

      Defendant

Case No.: 21STCV39459

INITIAL STATUS CONFERENCE
ORDER (COMPLEX CASES AND
CLASS ACTIONS)

Dept. 17
Spring Street Courthouse
Hon. Maren E. Nelson

    This case has been assigned, for all purposes, to the Complex Litigation Program,

Department 17, Spring Street Courthouse (312 N. Spring Street, Los Angeles, CA

90012), Hon. Maren E. Nelson.

    Pending further order, the following is ordered:

//

## I.    Immediate Stay in Proceedings to Facilitate Case Management

All proceedings, including motions and discovery, are stayed. The stay precludes amendments to the pleadings, and the filing of answers, demurrers, motions to strike, and motions challenging jurisdiction. It also stays all parties' obligations to respond to any discovery promulgated in the case to date. It does not stay the time to file a challenge pursuant to Code of Civil Procedure Section 170.6.

Future partial stays imposed in this action for purposes of managing the case, including stays of discovery, do not affect the five year period in which cases shall be brought to trial under Code of Civil Procedure Section 583.310 unless the parties otherwise so stipulate in accordance with Section 583.330.

This stay is issued to assist in managing this "complex" case and to reduce litigation costs through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of this case. This stay shall not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case or from filing a Notice of Related Case.

## II.    Initial Status Conference

An Initial Status Conference ("ISC") will be conducted in Department 17 on February 3, 2022 at 9:00 a.m. Counsel may appear telephonically by CourtConnect.

Unless otherwise ordered, counsel may appear telephonically at all hearings other than trials. Should counsel prefer to appear in person they shall notify the opposing side of their intent to do so.

Counsel representing a party at the ISC or any other status conference shall be fully familiar with the facts as then understood and be able to make binding agreements respecting case management.

Parties presently engaged in mediation or who have a secured a date with a mediator for mediation may stipulate to one continuance of the ISC, provided they also

agree upon an e-service provider, as set forth in Item 8, below, and include the name of the e-service provider in their Stipulation for Continuance, as well as the date of the mediation.

At the ISC, the Court will discuss case management, set dates for motions, and invite the parties to propose procedures to enhance efficiency and avoid duplicative or unnecessary expenditures of time.

At least 15 days prior to the ISC, all counsel shall meet, preferably by use of telephone and/or video technology, to discuss case management. Plaintiff's counsel shall take the lead in preparing a joint ISC Statement and ensuring that it is filed at least **five** (5) court days prior to the ISC. To the extent the parties are unable to agree on a joint submission, each party may separately present a brief statement of its position. If any party who has been served with this Order declines to participate, all other parties shall file an ISC statement.

The ISC Statement shall contain the following in the following order:

1. A succinct description of the facts of the case as then known. In wage and hour cases the nature of the employee's work, the employer's business, and the specific factual bases for claims under the Labor Code shall be provided. Citations to relevant statutes and pending appellate cases that may impact the case shall be provided.

2. A discussion of any issues of jurisdiction, venue, contractual arbitration/judicial reference that any party intends to raise and the meet and confer efforts to date on these issues. Dates for any motions involving challenges to jurisdiction, venue, the pleadings, or referrals to arbitration will be set at the ISC.

3. In class actions, counsel should address issues such as an agreement to share the cost of class notice/opt out procedures, the adequacy of class representatives, and potential conflicts of interest among class representatives.

4. Whether the action incorrectly identifies the name of any party and whether any party intends to add parties or causes of action by way of amendment, cross-complaint, or the like.

5. The names, addresses, telephone numbers, and email addresses of all counsel and the parties they represent.

6. Any basis for the Court's recusal or disqualification.

7. A discussion of the identity of entities or persons other than those shown in the pleadings that may have a significant financial or other interest in the proceedings.

8. A joint recommendation for an e-service provider for inclusion in the Court's order for initiation of e-service. The parties must employ an agreed e-service provider. The parties shall identify the appointed e-service provider in the caption of each filing.

9. A brief description of any related cases pending in other courts or anticipated for future filing.

10. Whether there is insurance coverage for the dispute.

11. A plan to preserve evidence, to deploy a uniform system for identification of documents, and to protect confidentiality by, for example, executing a protective order.

12. A preliminary discovery plan, with agreed dates, reflecting the parties' consideration of phased discovery, e.g., limiting initial discovery to a significant or dispositive issue as a predicate to an important early ruling or meaningful participation in an early mediation. A specific plan should be laid out. In class actions, the parties should address whether discovery should initially be limited to class certification issues.

13. Where appropriate, the parties should outline a process for managing discovery of electronically stored information (ESI) by, for example, scheduling a meeting among counsel and the parties' information technology consultants in order to address (1) the information management systems employed by the parties; (2) the location and custodian(s) of information likely to be subject to production (including the identification of network and email servers and hard drives maintained by target custodians); (3) the format in which electronically stored

information will be produced; (4) the type of ESI that will be produced, i.e., data files, emails, etc.; and (5) appropriate search criteria for focused requests.

14. Any proposed mechanism and the timing of mediation and/or mandatory settlement conferences to assist in resolution of the case.

15. Any issues regarding publicity which the Court should consider.

16. Recommended dates and times for filing of motions for class certification, alternative dispute resolution, and deadlines (and proposed briefing schedules) for filing all other anticipated motions and for trial.

17. A recommended date for the next Status Conference.

## III.    **Reminders And Other Information**

1. It is the joint responsibility of counsel to file a joint status conference statement for all status conferences scheduled after the ISC, which statement shall be filed five (5) court days in advance of the status conference.

2. Counsel may secure dates for motions by calling the Courtroom Assistant at 213-310-7017. Counsel should have jointly discussed any likely contested motion with each other and the Court before it is filed so that, if possible, the matter may be resolved or narrowed by agreement or, if filed, an appropriate briefing schedule is set.

3. Unless otherwise ordered, counsel may appear remotely for all appearances. Please be in a quiet place and note that a party speaking may not hear simultaneous speech in the courtroom. Please speak slowly and pause frequently.

4. Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

5. If the e-service provider designated by the parties maintains a message board, any message for the Court should be joint and neutral in tone. Strict compliance with this protocol is expected.

6. Informal telephonic conferences are preferred over ex parte applications and may be arranged by a joint posting on the Bulletin Board. If an ex parte application is

filed and requires a hearing, strict compliance with Cal. Rules of Court, Rule 3.1200 et seq. is expected. In addition, counsel shall advise the Courtroom Assistant regarding any ex parte application at the time it is noticed for hearing so that it may be calendared.

7. In the ordinary course, discovery motions will not be heard without an Informal Discovery Conference (IDC) pursuant to Cal. Code of Civ. Pro. § 2016.080. Counsel may arrange for an IDC by jointly posting a request on the e-service provider's message board. If all counsel are not in agreement, counsel may request an IDC by filing LACIV094. Unilateral requests for IDC by message board are not appropriate.

8. Specific direction as to the matters to be provided to the Court for the IDC and the timing of same will be given at the time the IDC is arranged and may vary depending on the nature of the dispute. Unless otherwise ordered, IDC are held by telephone and off the record.

9. It is the responsibility of all counsel to notify the Court promptly of any related case and to secure a ruling thereon. See Cal. Rules of Court, Rule 3.300 et. seq. This responsibility is on-going.

10. Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 3019, available on the Court's website. Unless otherwise instructed, courtesy copies should be provided as set forth in that Order. Filings will not be received at the Spring Street Courthouse except for same day ex parte applications. Further details are available on the Court's website.

11. Posting documents to the e-service provider does not constitute filing a document.

12. Counsel desiring a protective order should consult the model on the court's website and provide a redlined copy if deviations are made from same.

13. The dismissal of a class action requires court approval. Cal. Rules of Court, Rule 3.770(a). Counsel must submit a declaration setting forth, among other things, the reasons why a party seeks a dismissal in a class action and any and all consideration given in exchange for the dismissal.

14. Settlement of claims filed under the Private Attorney General Act (PAGA) (whether or not filed as part of a class action) require notice to the Labor and Workforce Development Agency. Labor Code § 2699 (l)(2). A noticed hearing, with proof of service to LWDA and a proposed Order, is required to secure approval of the settlement of a PAGA claim. Settlements that include dismissal of a PAGA claim require that the Court be advised of the specific terms of any release of the PAGA claim and the consideration, if any, for same.

15. To obtain approval of a class action settlement, the parties should strictly adhere to the Guidelines for Motions for Preliminary and Final Approval posted on the court's website under Tools for Litigators.

## IV.    Notice of the ISC Order

Plaintiff's counsel shall serve this Initial Status Conference Order on all defense counsel, or if counsel is not known, on each defendant within five (5) days of the date of this Order. If the Complaint has not been served as of the date of this Order, plaintiff(s) must serve the Complaint, along with a copy of this Order, within five (5) days of the date of this Order.

Each as yet non-appearing defendant shall file a Notice of Appearance (identifying counsel by name, firm name, address, email address, telephone number and fax number). The filing of a Notice of Appearance is without prejudice to (a) any jurisdictional, substantive or procedural challenge to the Complaint, (b) any affirmative defense, and (c) the filing of any cross-complaint in this action.

MAREN E. NELSON

12-8-2021

Maren E. Nelson
Judge of the Superior Court

# EXHIBIT E

Electronically FILED by Superior Court of California, County of Los Angeles on 01/14/2022 11:59 AM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Perez,Deputy Clerk

JOHN P. LeCRONE (State Bar No. 115875)
  johnlecrone@dwt.com
VANDANA KAPUR (State Bar No. 281773)
  vandanakapur@dwt.com
LORRAINE WANG (State Bar No. 341172)
  lorrainewang@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
A PLACE FOR ROVER, INC. dba
ROVER.COM

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| CLAIRE RAINEY, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>A PLACE FOR ROVER, INC. dba ROVER.COM; and DOES 1-100, inclusive,<br><br>Defendants. | Case No. **21STCV39459**<br><br>**ANSWER OF DEFENDANT A PLACE FOR ROVER, INC. TO PLAINTIFF'S COMPLAINT**<br><br>**CLASS ACTION**<br><br>Assigned to the Hon. Maren E. Nelson<br>Dept.:          17<br><br>Action Filed:  October 26, 2021 |

Defendant A PLACE FOR ROVER, INC., dba ROVER.COM (hereafter, "Defendant"), answering for itself and no others, in response to the unverified Complaint for Damages ("Complaint") filed by Plaintiff CLAIRE RAINEY ("Plaintiff"), as an individual and on behalf of all others similarly situated, responds as follows:

## GENERAL DENIAL

1.      Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in Plaintiff's Complaint and each and every cause of action.

2.      Defendant further denies that Plaintiff, and the putative class, have sustained any injury, damages, or loss by reason of any act or omission on the part of Defendant, and specifically denies that Plaintiff, and the putative class, suffered any of the damages alleged in the Complaint.

3.      Defendant further denies that Plaintiff, and the putative class, are entitled to any relief against Defendant on any ground whatsoever, and denies that Plaintiff, and the putative class, are entitled to damages against Defendant in any amount.

## AFFIRMATIVE AND OTHER DEFENSES

Having fully answered the allegations in the Complaint, Defendant asserts the following additional affirmative and other defenses.  In so doing, Defendant does not allege or admit that it has the burden of proof and/or persuasion with respect to any of these matters.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      The Complaint, and each and every cause of action, fail to state facts sufficient to constitute a cause, or causes, of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.      The Complaint, and each and every cause of action, is barred by the applicable statute(s) of limitations, including, without limitation, California Code of Civil Procedure Sections 338 and 340, as well as California Business and Professions Code Section 17208.

ANSWER TO COMPLAINT
4867-2408-3209v.1 0107222-000057

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**THIRD AFFIRMATIVE DEFENSE**

**(Laches/Waiver/Estoppel/Unclean Hands)**

3.    The Complaint, and each and every cause of action, is barred by the equitable doctrines of laches, waiver, estoppel, and unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Fulfill Administrative Prerequisites)**

4.    Plaintiff, and the putative class, are precluded from asserting some or all of their claims to the extent that Plaintiff, and the putative class, have failed to satisfy and exhaust the administrative prerequisites for bringing such claims.

**FIFTH AFFIRMATIVE DEFENSE**

**(Properly Classified/Independent Contractors or Otherwise Independent)**

5.    The Complaint, and each of its causes of action, is barred because Defendant properly classified Plaintiff and those she seeks to represent as independent contractors, not employees, or as otherwise independent.

**SIXTH AFFIRMATIVE DEFENSE**

**(Improper Forum, Arbitration)**

6.    Plaintiff, and the putative class, agreed to arbitrate the dispute at issue.  Plaintiff, and the putative class, have failed to comply with that agreement to arbitrate, and that agreement precludes this litigation.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Penalties)**

7.    The Complaint, and each and every cause of action, is barred in whole or in part, on the grounds that Plaintiff, and the putative class, are not entitled to general and other penalties under the California Labor Code, including, but not limited to, waiting time penalties under California Labor Code Section 203.  Assuming the Plaintiff can demonstrate that she and the putative class were employees, which Defendant disputes, Plaintiff and the putative class were paid all wages owed at termination, and regardless, any alleged failure to pay all wages due at

ANSWER TO COMPLAINT
4867-2408-3209v.1 0107222-000057

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

termination was not willful and/or there existed a good faith dispute as to the amount of compensation owed, if any, at the time of termination.

## EIGHTH AFFIRMATIVE DEFENSE

### (Not "Hours Worked")

8.     Plaintiff, and the putative class, are barred from recovery under the Complaint to the extent that Plaintiff, and the putative class, did not actually work the hours alleged or to the extent the alleged work activities described in Plaintiff's Complaint are not compensable and/or are excluded from measured working time.

## NINTH AFFIRMATIVE DEFENSE

### (Release of Claims)

9.     The Complaint is barred in whole or in part to the extent that Plaintiff and/or the putative class voluntarily released and waived claims against Defendant.

## TENTH AFFIRMATIVE DEFENSE

### (Setoff and Recoupment)

10.     If any damages have been sustained by Plaintiff and/or the putative class, which is denied, Defendant is entitled to offset and recoup any overpayment of amounts already paid.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Inadequate Representative Action)

11.     This action is not properly maintainable as a representative action, because Plaintiff's claims or defenses are unique to Plaintiff and/or Plaintiff is not capable of adequately representing the putative class.

## TWELFTH AFFIRMATIVE DEFENSE

### (De Minimis)

12.     The Complaint, and each and every cause of action alleged against Defendant, are barred to the extent that the alleged violations fall within the de minimis doctrine.

ANSWER TO COMPLAINT
4867-2408-3209v.1 0107222-000057

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

13.     The Complaint, and each and every cause of action alleged against Defendant, are barred in whole or in part because Plaintiff and the putative class would be unjustly enriched if they are permitted to recover on the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Safe Harbor Defense)

14.     Plaintiff, and the putative class, are barred from recovering under the Complaint, and in particular, under the eighth cause of action alleged, in whole or in part, under the "safe harbor defense," which precludes Plaintiff, and the putative class, from stating a claim through California Business and Professions Code Sections 17200 *et seq.* when such a claim would be absolutely barred under other principles of law.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Underlying Conduct Not Wrongful)

15.     Plaintiff, and the putative class, are barred from recovering under the Complaint, and in particular, under the eighth cause of action alleged, in whole or in part, because Defendant's conduct on which Plaintiff, and the putative class, premise the eighth cause of action was not, and is not, wrongful, i.e., unfair, unlawful or fraudulent.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Monetary Damages Not Available)

16.     To the extent Plaintiff, and the putative class, seek to obtain monetary damages, including attorney fees, for violations of California Business and Professions Code Sections 17200 *et seq.*, the claim is barred in its entirety by these very statutes and other legal authority.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Improper UCL Claim)

17.     Plaintiff's Cause of Action for violations of California Business and Professions Code Sections 17200 *et seq.* is barred because Defendant has not committed any act with respect

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

to the matters alleged in the Complaint that is "unlawful," "unfair" or "fraudulent" within the meaning of these statutes.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Improper UCL Representative Action)

18.     Plaintiff's Cause of Action for violations of California Business and Professions Code Sections 17200 *et seq.* is barred under Proposition 64 as an improper representative action to the extent Plaintiff is attempting to bring claims on behalf of other service providers without meeting California's class action requirements.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Class Action Not Proper)

19.     This action is not properly maintainable as a class action, because Plaintiff cannot establish all the elements necessary for class certification in that, among other things, the putative class is not ascertainable, there does not exist a well-defined community of interest as to the questions of law and fact involved, and the putative class is sufficiently manageable without implementing the class action mechanism and, therefore, it is not the superior method for adjudicating this dispute.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Risk of Substantial Prejudice)

20.     This action is not properly maintainable as a class action, because there is no risk of substantial prejudice that each putative class member will file a separate lawsuit and, accordingly, there is no risk of inconsistent standards of adjudication and there is no risk that separate lawsuits would somehow impair the interests of other alleged putative class members.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Judicial Estoppel, Res Judicata, Collateral Estoppel)

21.     This action is barred, in whole or in part, based on the doctrines of judicial estoppel, res judicata, and collateral estoppel.

ANSWER TO COMPLAINT
4867-2408-3209v.1 0107222-000057

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

22.    Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that it would be appropriate.

### PRAYER

Defendant prays for judgment as follows:

1.    That Plaintiff, and the putative class, take nothing by way of the Complaint;

2.    That the Complaint be dismissed with prejudice and judgment entered in favor of Defendant;

3.    That Defendant be awarded its costs of suit.

4.    That Defendant be awarded attorneys' fees pursuant to statute and/or contract; and

5.    For such other and further relief as the Court deems just and proper.

DATED: January 14, 2022

DAVIS WRIGHT TREMAINE LLP
JOHN P. LECRONE
VANDANA KAPUR
LORRAINE WANG

By: _____
          John P. LeCrone

Attorneys for Defendant
A PLACE FOR ROVER, INC. dba
ROVER.COM

ANSWER TO COMPLAINT
4867-2408-3209v.1 0107222-000057

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

<u>PROOF OF SERVICE BY MAIL</u>

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On January 14, 2022, I served the foregoing document(s) described as: **ANSWER OF DEFENDANT A PLACE FOR ROVER, INC. TO PLAINTIFF'S COMPLAINT** by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

Michael R. Crosner, Esq.
Zachary M. Crosner, Esq.
Blake R. Jones, Esq.
Chad Saunders, Esq.
CROSNER LEGAL, PC
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on January 14, 2022, at Los Angeles, California.

☑    State    I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☐    Federal    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

| Frank M. Romero | *Frank M. Romero* |
|---|---|
| Print Name | Signature |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Branch Name:** Spring Street Courthouse
**Mailing Address:** 312 North Spring Street
**City, State and Zip Code:** Los Angeles CA 90012

| | |
|---|---|
| **SHORT TITLE:** CLAIRE RAINEY vs A PLACE FOR ROVER, INC. | **CASE NUMBER:** 21STCV39459 |
| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | |

The Electronic Filing described by the below summary data was reviewed and accepted by the Superior Court of California, County of LOS ANGELES. In order to process the filing, the fee shown was assessed.

**Electronic Filing Summary Data**

Electronically Submitted By:  Legal Connect
Reference Number: 5203940_2022_01_14_19_50_52_713_7
Submission Number: 22LA00056973
Court Received Date: 01/14/2022
Court Received Time: 11:59 am
Case Number: 21STCV39459
Case Title: CLAIRE RAINEY vs A PLACE FOR ROVER, INC.
Location: Spring Street Courthouse
Case Type: Civil Unlimited
Case Category: Other Employment Complaint Case
Jurisdictional Amount: Over $25,000
Notice Generated Date: 01/14/2022
Notice Generated Time: 12:34 pm

**Documents Electronically Filed/Received**          **Status**

Answer                                                Accepted

**Comments**
Submitter's Comments:

Clerk's Comments:

**Electronic Filing Service Provider Information**
Service Provider: Legal Connect
Contact: Legal Connect
Phone: (800) 909-6859